UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-14020-CR-MOORE/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARCELLUS M. MASON, JR.

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter came before the Court on the Defendant's Motion to Vacate Conviction (DE # 106, 7/16/07).[1] This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636 (b) (DE # 110, 8/6/07). Having carefully considered this motion, the response and reply thereto, the court file and applicable law, the undersigned respectfully recommends that the Defendant's Motion to Vacate Conviction (DE # 106, 7/16/07) be **DENIED**.

## BACKGROUND

**Prior Civil Litigation**

The defendant's criminal contempt conviction arose from the defendant's violation of an omnibus Order (hereinafter "September 20, 2001 Order") issued in 11

---

[1] Unless otherwise noted, citations to the court docket in this Report and Recommendation refer to Case No. 02-cr-14020-KMM.

civil cases before Judge Graham. See Order (DE# 24 in 00-cv-14201-DLG, 9/20/01).[2]

The September 20, 2001 Order specifically found that the defendant was proceeding in bad faith. Id. at 5. It further stated the following:

> Upon review of the record before the Court and a review of the District Court docket, the Court finds that a 'screening requirement' for any future pleadings in the above captioned cases and for any future lawsuit which relates to [the defendant's] prior employment by or other interaction with [the civil] Defendants[3] is mandated. This screening requirement best balances the interest in constitutionally mandated access to the federal courts with the need to protect the Court's jurisdiction and integrity.

Id. at 7. The September 20, 2001 Order enjoined the defendant from filing any additional pleadings in eight of the 11 civil cases and "from filing any new lawsuit which relate[d] in any way to [the defendant's] former employment and/or subsequent interactions with [the civil] Defendants without first receiving permission from the Court." Id. at 8.

On November 22, 2001, the Court issued a Notice of Hearing on Conduct of Parties During Proceedings (DE# 884 in 99-cv-14027-DLG). At the defendant's request, the hearing was reset to February 4, 2002. See Notice (DE# 892 in 99-cv-14027-DLG). The defendant failed to attend the February 4, 2002 hearing. The same day, the Court issued an omnibus Order (DE# 895 in 99-cv-14027-DLG) detailing the defendant's contemptuous behavior and putting the defendant on notice of possible contempt

---

[2] The September 20, 2001 Order was filed in Case Nos. 99-cv-14027-DLG, 99-cv-14042-DLG, 99-cv-14257-DLG,99-cv-14314-DLG, 00-cv-14116-DLG, 00-cv-14201-DLG, 00-cv-14202-DLG, 01-cv-14074-DLG, 01-cv-14078-DLG, 01-cv-14230-DLG and 00-cv-14240-DLG.

[3] Mr. Mason, the defendant in the instant case, was the plaintiff in ten out of the 11 civil cases wherein the September 20, 2001 Order was issued. In this Report and Recommendation, Mr. Mason will be referred to as "the defendant." The defendants in the civil proceedings will be referred to as the "civil defendants."

proceedings. On March 22, 2002, the Court issued an Order to Show Cause why the defendant should not be held in criminal contempt (DE# 900 in 99-cv-14027-DLG)[4] and set a status hearing before Magistrate Judge Lynch for April 8, 2002. At the status hearing, the defendant was advised of Judge Graham's March 22, 2002 Order concerning possible criminal contempt proceedings. See Minutes (DE# 905 in 99-cv-14027-DLG).

**Criminal Contempt Proceedings**

The defendant was charged by information with one count of criminal contempt of court in violation of Title 18, United States Code, Section 401(3). See Information (DE# 6, 12/4/02). Specifically, the information alleged that the defendant "did willfully and knowingly disobey and resist a lawful order of a Court of the United States, that is, the order issued by the Honorable Donald L. Graham, United States District Judge, on September 20, 2001 . . . by repeatedly filing pleadings, motions, memoranda, and directly contacting other litigants . . . after specifically being enjoined from and ordered not to file any such pleadings or contact other litigants by Court Order dated September 20, 2001 . . . ." Id.

On March 15, 2004, the Court held a bench trial and the defendant was found guilty. See Corrected Minutes (DE# 46, 3/19/04). On June 30, 2004, the defendant was sentenced to a term of five (5) years probation. See Judgment (DE# 51, 7/1/04).

The defendant appealed his conviction to the Eleventh Circuit. See Defendant's Notice of Appeal (DE# 83, 10/19/05). On January 12, 2007, the Eleventh Circuit issued an Order dismissing the defendant's appeal of his criminal contempt conviction as

---

[4] The Order to Show Cause was filed in the same 11 cases as the September 20, 2001 Order.

abandoned. Specifically, the Eleventh Circuit found that "[the defendant's] deliberate decision not to contact his attorney for six months despite her efforts to contact him indicate[d] that [the defendant] ha[d], in fact, abandoned this appeal." See Order of Dismissal (DE# 105 at 3-4). The Order of Dismissal (DE# 105) specifically provided that "Counsel and pro se parties are advised that . . . a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order." Id. (internal quotation marks omitted). The Eleventh Circuit docket sheet reflects that the defendant did not move to reconsider, vacate or modify the Order of Dismissal (DE# 105).

**The Instant Motion**

Three years after his conviction for criminal contempt of court, the defendant filed the instant Motion to Vacate Conviction (DE# 106, 7/16/07). In this motion, the defendant seeks the following relief: (1) a declaration that Judge Lynch's Orders (DE# 201 and 246 in 99-cv-14027-DLG, 6/11/00, 7/25/00) are unconstitutional, (2) an order vacating the September 20, 2001 Order and (3) an order vacating his criminal contempt conviction. See Defendant's Motion to Vacate Conviction (DE# 106 at 23, 7/16/07). On August 2, 2007, the government filed Government's Response to Defendant's Motion[ ] to Vacate Conviction (DE 106) (DE# 107). The defendant filed his Reply to Government's Response to Defendant's Motion to Vacate Conviction (DE# 112) on August 14, 2007.

## ANALYSIS

**I.     Relief under Fed. R. Civ. P. 60(b)(4)**

The defendant seeks relief under Fed. R. Civ. P. 60(b)(4). Rule 60 cannot serve

as the basis for the defendant's motion. The defendant was convicted for criminal contempt of court. Thus, the Federal Rules of Civil Procedure have no application here. "Rule 60(b) simply does not provide for relief from judgment in a criminal case. . . ." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir.1998) (per curiam). "[The Federal Rules of Civil Procedure] govern the procedure in the United States district courts in all suits of a **civil nature** whether cognizable as cases at law or in equity or in admiralty . . . ." Fed. R. Civ. P. 1 (emphasis added).

Additionally, Rule 60 cannot be used as means to cure an untimely or abandoned appeal. See Parks v. U.S. Life and Credit Corp., 677 F.2d 838, 840 (11th Cir. 1982) (noting that "[a] party may not use Rule 60 as a substitute for a timely and proper appeal"). Here, the defendant appealed his conviction to the Eleventh Circuit. See Defendant's Notice of Appeal (DE# 83, 10/19/05). On January 12, 2007, the Eleventh Circuit determined that the defendant had abandoned his appeal and issued an Order dismissing the appeal. See Order of Dismissal (DE# 105). The defendant did not seek reconsideration of the Order of Dismissal. Accordingly, the defendant cannot use Rule 60 as a means to overcome his failure to maintain the appeal of his criminal contempt conviction. See Alvestad v. Monsanto Company, 671 F.2d 908, 912 (5th Cir. 1982) (noting that "Rule 60(b) is not a substitute for the ordinary method of redressing judicial error-appeal.").

## II.     The Motion to Vacate Conviction Fails on the Merits

Assuming, arguendo, that the Motion to Vacate Conviction falls within Rule 60's purview, the instant motion should still be denied on the merits.

The defendant attacks both his conviction and the September 20, 2001 Order.[5] See Motion to Vacate Conviction (DE# 106, 7/16/07). The defendant argues that the Court did not have jurisdiction to issue the September 20, 2001 Order because, at the time the Order was issued, the defendant's appeal was pending. Id. at 7-8. The defendant further claims that the collateral bar rule does not apply here and thus he is not precluded from attacking his conviction by challenging the validity of the September 20, 2001 Order. Id. at 11-15. According to the defendant, the September 20, 2001 Order was issued for an improper purpose and violates due process. Id. at 6-7. Lastly, the defendant argues that his Sixth Amendment right to confront witnesses and evidence against him was violated.

### A.    The District Court had Jurisdiction to issue the September 20, 2001 Order

According to the defendant, the district court lacked jurisdiction to issue the September 20, 2001 Order because, at the time, an appeal was pending before the Eleventh Circuit. See Motion to Vacate Conviction (DE# 106 at 7-8, 7/16/07). On June 25, 2001, the defendant filed a notice of appeal (DE# 795) in Case No. 99-cv-14027-DLG. The defendant argues that the filing of the notice of appeal divested the district court of jurisdiction to issue the September 20, 2001 Order. See Motion to Vacate Conviction (DE# 106 at 7-8, 7/16/07).

This argument was previously rejected by the Eleventh Circuit in its Order denying the defendant's petition for writ of mandamus. See Notice of Filing (DE# 111 at

---

[5] The defendant's arguments against Judge Lynch's Orders (DE# 201 and 246) are addressed in Section III of this Report and Recommendation.

26-27, 8/10/07). The Eleventh Circuit noted that "[i]n [the defendant's] case, he filed a notice of appeal as to the dismissal of his civil case. The September 20, 2001 order did not relate to the issue on appeal, but instead enjoined [the defendant] from filing any further pleadings in the district court without permission. Because the order related to collateral issues, the district court had jurisdiction to issue it. Id. at 27, citing Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001); Copeland v. Green, 949 F.2d 390, 391 (11th Cir. 1991). The Eleventh Circuit further noted that the defendant could have timely appealed the September 20, 2001 Order but failed to do so. Id. Thus, the district court had jurisdiction when it issued the September 20, 2001 Order.

### B.     The Collateral Bar Rule Applies to the Instant Case

The collateral bar rule precludes the defendant from attacking the validity of the September 20, 2001 Order. The collateral bar rule provides that "[a]n order duly issued by a court having subject-matter jurisdiction over a case or controversy before it, and personal jurisdiction over the parties to that case or controversy, must be obeyed, regardless of the ultimate validity of the order. Disobedience of an invalid court order may be punished as criminal contempt." In re Novak, 932 F.2d 1397, 1400-01 (11th Cir. 1991). "As a general rule, a party may not violate an order and raise the issue of its unconstitutionality collaterally as a defense in the criminal contempt proceeding. Rather, the appropriate method to challenge a court order is to petition to have the order vacated or amended." Matter of Providence Journal Co., 820 F.2d 1342, 1346 (1st Cir. 1986), modified, 820 F.2d 1354 (1st Cir.1987) (in banc), cert. dismissed, 485 U.S. 693 (1988).

The collateral bar rule does not apply where: (1) the issuing court lacks subject-

matter jurisdiction over the underlying controversy or personal jurisdiction over the parties to it; (2) there are no adequate and effective remedies for the orderly review of the challenged order and (3) the order is transparently invalid or patently frivolous. See In re Novak, 932 F.2d 1397, 1401-1402 (11th Cir. 1991). The defendant argues that the collateral bar rule does not apply here because: (1) Judge Graham did not have subject matter jurisdiction to issue the September 20, 2001 Order; (2) no adequate vehicle for review existed because the Eleventh Circuit declined to review the September 20, 2001 Order and (3) the September 20, 2001 Order is "transparently invalid." See Motion to Vacate Conviction (DE# 106 at 11-13).

      i.    **Subject Matter Jurisdiction over the Underlying Civil Cases**

The defendant argues that the district court lacked subject matter jurisdiction to issue the September 20, 2001 Order. The argument lacks merit. The defendant (then the civil plaintiff) initiated 10 out of the 11 civil cases in which the September 20, 2001 Order was entered. In the complaints and writ of mandamus[6] filed by the defendant, the defendant invoked the district court's subject matter jurisdiction by alleging federal claims: Case Nos. 99-cv-14027-DLG (First Amendment violation), 99-cv-14042-DLG (42 U.S.C. § 2000e et seq. (Title VII)), 99-cv-14257-DLG (42 U.S.C. § 2000e et seq. (Title VII); 42 U.S.C. §§ 1981a, 1985-1986), 99-cv-14314-DLG (Fifth and Fourteen Amendment violations), 00-cv-14116-DLG (First Amendment violation), 00-cv-14201-DLG (42 U.S.C. § 2000e et seq. (Title VII); 42 U.S.C. § 1981), 00-cv-14202-DLG (Writ

---

[6] The initial pleading in Case No. 00-cv-14202-DLG was a petition for writ of mandamus.

of Mandamus in pursuant to 28 U.S.C. § 1367), 01-cv-14074-DLG (42 U.S.C. § 1983), 01-cv-14078-DLG (42 U.S.C. § 2000e et seq. (Title VII); 42 U.S.C. § 1981) and 01-cv-14230-DLG (42 U.S.C. §§ 1981, 1983, 1985-1986 and 2000b). Thus, Judge Graham had subject matter jurisdiction over those cases. See In re Novak, 932 F.2d 1397, 1402 (11th Cir. 1991) (noting that "the underlying controversy and the parties to it were properly before the district court, and it could issue orders necessary to manage and adjudicate that action.").

With respect to Case No. 00-cv-14240-DLG, an equitable action initiated by the civil defendants to permanently enjoin the defendant from filing or maintaining any civil action against the civil defendants, the district court's jurisdiction was based on its inherent power and authority to control litigants who come before it. See Procup v. C. Strickland, 792 F.2d 1069 (11th Cir. 1986). Thus, the district court had subject-matter jurisdiction over the 11 civil cases wherein the September 20, 2001 Order was issued.

### ii. Adequate Review by the Eleventh Circuit

The defendant argues that no adequate vehicle for review existed here because the Eleventh Circuit declined to review the September 20, 2001 Order when it denied the defendant's petition for writ of mandamus. See Motion to Vacate Conviction (DE# 106 at 11, 7/16/07). The undersigned disagrees.

In his petition for a writ of mandamus, the defendant sought (1) vacatur of all the orders issued by Judge Graham, including the September 20, 2001 Order and (2) the dismissal of his criminal contempt case. On May 20, 2004, the Eleventh Circuit issued an Order denying the defendant's petition for writ of mandamus. See Notice of Filing (DE# 111 at 24-31, 8/10/07). The Eleventh Circuit determined that "[the defendant] had

9

not shown bias stemming from an extra-judicial source or 'pervasive bias' that [would] place[ ] Judge Graham's impartiality in question" and thus vacatur of the September 20, 2001 Order was not warranted.  Id. at 26.  Thus, the Eleventh Circuit's denial of the defendant's petition for writ of mandamus did not render the review process inadequate. The defendant could have timely appealed the September 20, 2001 Order but failed to do so.

### iii. The September 20, 2001 Order Is Not "Transparently Invalid"

The defendant also argues that the September 20, 2001 Order is transparently invalid.  See Motion to Vacate Conviction (DE# 106 at 12, 7/16/07). The Eleventh Circuit has stated that "[o]nly when there is no colorable, nonfrivolous argument to support the order being reviewed should a contemnor be excused from his disobedience of the order." In re Novak, 932 F.2d 1397, 1403 (11th Cir. 1991). In criminal contempt proceedings, the Eleventh Circuit recognizes "a heavy presumption in favor of the validity of every court order." Id. The defendant has failed to show that the September 20, 2001 Order is transparently invalid. The September 20, 2001 Order was within the scope of the district court's power. See Copeland v. Green, 949 F.2d 390, 391 (11th Cir. 1991) (recognizing that "the district court had the power to devise an injunction to protect itself against [a litigant's] abuses.").  Thus, the September 20, 2001 Order was not transparently invalid.

### C. The September 20, 2001 Order Was Not Issued for an Improper Purpose

The defendant argues that "[t]he record and the law clearly establish that the [the

10

September 20, 2001 Order] was rendered for an improper purpose." See Motion to Vacate Conviction (DE# 106 at 14, 7/17/07). In support of this argument, the defendant states that Judge Graham did not find any of the defendant's lawsuits frivolous. Id. Nonetheless, in issuing the September 20, 2001 Order, the district court specifically found that the defendant was proceeding in bad faith. See Order (DE# 24 in 00-cv-14201-DLG, 9/20/01). As discussed above, "the district court had the power to devise an injunction to protect itself against [a litigant's] abuses." Copeland v. Green, 949 F.2d 390, 391 (11th Cir. 1991). Thus, the September 20, 2001 Order was not issued for an improper purpose.

### D. The Collateral Bar Rule Precludes the Defendant from Attacking the Constitutionality of the September 20, 2001 Order

The defendant argues that the September 20, 2001 Order violated his due process rights. See Motion to Vacate Conviction (DE# 106 at 6, 7/16/07). According to the defendant, he was deprived of notice and a hearing where he could have a meaningful opportunity to confront the evidence against him because the September 20, 2001 Order was issued sua sponte. Id.

As discussed above, the collateral bar rule forecloses the defendant's argument that the September 20, 2001 Order violates due process or is otherwise unconstitutional. "[A] party may not violate an order and raise the issue of its unconstitutionality collaterally as a defense in the criminal contempt proceeding." In re Providence Journal Co., 820 F.2d 1342, 1346 (1st Cir.1986).

The defendant's Sixth Amendment challenge is also without merit. The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the

accused shall enjoy the right . . . to be confronted with witnesses against him." U.S. Const. amend. VI.[7] On March 15, 2004, the Court held a bench trial prior to convicting the defendant for criminal contempt of court. See Corrected Minutes of Bench Trial (DE# 46). At the bench trial, the defendant had the full opportunity to confront the charges against him and attack the evidence presented by the government. Thus, the defendant cannot claim that his due process rights or his Sixth Amendment rights were violated in the instant case.

Based on the foregoing, the undersigned respectfully RECOMMENDS that the defendant's request for an order vacating the September 20, 2001 Order and his criminal contempt conviction be **DENIED**.

### III.   This Court Cannot Review Judge Lynch's Orders (DE# 201 and 246)

The defendant also asks the Court for a declaration that Judge Lynch's Orders (DE# 201 and 246 in 99-cv-14027-DLG, 6/11/00, 7/25/00) are unconstitutional. See Defendant's Motion to Vacate Conviction (DE# 106 at 23, 7/16/07). Judge Lynch's Orders were issued in Case No. 99-cv-14027-DLG. The instant case is a criminal contempt proceeding arising from the defendant's violation of Judge Graham's September 20, 2001 Order. See Information (DE# 6, 12/4/07). The information does not charge the defendant with violating Judge Lynch's Orders (DE# 201 and 246). Id. Thus, the defendant cannot seek review of any orders issued in Case No. 99-cv-14027-DLG

---

[7] The Confrontation Clause only applies to criminal proceedings. See U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1287 n.13 (11 th Cir. 2001) (noting that the Confrontation Clause is not applicable to civil cases). Thus, the defendant cannot claim that his Sixth Amendment right to "confront evidence and witnesses against him" was violated in the 11 civil proceedings wherein the September 20, 2001 Order was issued.

in the instant case. Any challenge to the constitutionality of the orders issued in Case No. 99-cv-14027-DLG, should have been asserted before the Eleventh Circuit.

The undersigned notes that in his appeal to the Eleventh Circuit, appellate case no. 01-13664, the defendant made essentially the same arguments he makes here with respect to Judge Lynch's Orders (DE# 201 and 246). See Mandate (DE# 929 in 99-cv-14027-DLG, 4/18/03). The defendant argued that the Orders (DE# 201 and 246) violated his First Amendment and Florida state-law rights to petition Florida government officials and to request public records. Id. at 11. Notwithstanding the defendant's arguments, the Eleventh Circuit affirmed the district court's dismissal of case no. 99-cv-14027-DLG based on the defendant's continued violations of the orders issued in that case. Accordingly, the defendant's request for a declaration that Judge Lynch's Orders (DE# 201 and 246) are unconstitutional should be **DENIED**.

### RECOMMENDATION

For the foregoing reasons, the undersigned recommends that defendant Marcellus Mason's Motion to Vacate Conviction (DE # 106, 7/16/07) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1)(B) and (C), the parties may serve and file written objections to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge, within ten (10) days of receipt of a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this 16th day of October, 2007.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Moore
All Counsel of Record

Copy sent by Chambers to:

Marcellus M. Mason, Jr.
214 Atterberry Drive
Sebring, FL 33870