UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14020-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA

    Plaintiff,

v.

MARCELLUS M. MASON, JR.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Presently pending before the Court is the Motion for Show Cause Order and Rule 60(b)(5) Motion filed by Defendant, Marcellus M. Mason, Jr. (DE # 146). The Honorable K. Michael Moore, United States District Judge, has referred this motion to the undersigned Magistrate Judge. Based upon a review of the record as a whole and for the reasons stated herein, it is **RECOMMENDED** that Defendant's motion be **DENIED**.

    I.    FACTUAL AND PROCEDURAL HISTORY

This criminal contempt proceeding arose after Defendant violated an Omnibus Order issued by Judge Graham on September 20, 2001 in eleven separate civil cases involving Defendant (the "2001 Order"). Defendant was convicted of criminal contempt (DE # 51) and has since filed a litany of motions seeking to vacate the 2001 Order, including the instant motion.

    A.    The 2001 Order

Defendant was employed by the Highlands County Board of County Commissioners ("Highlands"), until they fired him in 1998. The unnecessarily long and

tortured record of this case – which has engendered eleven separate related lawsuits[1] – reflects the Defendant's severe litigiousness, as well as his propensity to engage in abusive litigation misconduct.

Consequently, on September 20, 2001, the Court entered an Order on the dockets of those eleven civil cases (the "2001 Order"), which detailed Defendant's abuses of the trial process, including (1) his derogatory and profanity-laced emails to the opposing parties in contravention of a prior Order expressly enjoining Defendant from directly contacting them; (2) his refusal to honor the Court's dismissal of Case No. 99-cv-14027-DLG – which was entered based on his earlier litigation misconduct – by filing new cases and pleadings mirroring the same issues that had been dismissed, sometimes filing three to four pleadings a day requesting identical relief to that which he already requested; and (3) his explicit admissions of bad faith motivation underlying his pursuit of lawsuits against the Civil Defendants for the purpose of punishing and harassing them.  *See, e.g.,* Case No. 99-cv-14027-DLG (DE # 878).

In its 2001 Order, therefore, the Court instituted a "screening requirement," which prohibited Defendant from filing any additional pleadings in the remaining Civil Actions or from filing any new lawsuit relating to his former employment with Highlands or his

---

[1] Defendant filed ten complaints, in Case Numbers: 99-cv-14027-DLG, 99-cv-14042-DLG, 99-cv-14257-DLG, 99-cv-14314-DLG, 00-cv-14116-DLG, 00-cv-14201-DLG, 00-cv-14202-DLG, 01-cv-14074-DLG, 01-cv-14078-DLG and 01-cv-14230-DLG.
Some of the parties named in those complaints filed an equitable action in 2000, bearing the Case Number 00-cv-14240-DLG, requesting the Court to permanently enjoin Mr. Mason from filing or maintaining any further claims against them without the representation of a licensed attorney because, they alleged, Mr. Mason engaged in a pattern of filing unmeritorious and abusive lawsuits in federal and state courts as well as complaints before various administrative agencies and regulatory boards; that he violated the Federal and Local Rules by, among other things, sending threatening and intimidating messages directly to the Civil Defendants; and, that he flouted orders issued by the Court.

subsequent interactions with the opposing parties in those cases without first receiving permission from the Court. The Court retained jurisdiction to ensure compliance with its 2001 Order. *Id.*

### B.     The Criminal Contempt Proceedings

Rather than comply with the 2001 Order, Defendant redoubled his efforts to attack and intimidate his opponents in the Civil Actions and to disparage the Court. Consequently, on December 4, 2001, the United States filed a one-count information charging Mr. Mason with criminal contempt for his conduct in the Civil Actions, alleging that he

> willfully and knowingly disobey[ed] and resist[ed] a lawful order of a Court of the United States . . . by repeatedly filing pleadings, motions, memoranda, and directly contacting other litigants . . ., after specifically being enjoined from and ordered not to file any such pleadings or contact other litigants by Court Order[,] in violation of Title 18, United States Code, Section 401(3)

(DE # 6).[2] Following a bench trial, this Court found Mr. Mason guilty of criminal contempt and sentenced him to a five-year term of probation and a special assessment of $10.00 (DE # 51). Defendant abandoned his appeal, which was dismissed by the Eleventh Circuit Court of Appeals (DE # 105).

---

[2] Prior to the commencement of the contempt proceedings, the Court noticed a Hearing on Conduct of Parties During Proceedings on the docket of the Lead Civil Action in November 2001 (Case No. 99-cv-14027-DLG, DE # 884). Defendant requested that the hearing be continued to February 4, 2008, (Case No. 99-cv-14027-DLG, DE # 892), but then he failed to appear at the hearing. Subsequent to his non-appearance, the Court entered an Order Notifying Plaintiff of Contempt Procedure which reviewed the instances of Mr. Mason's bad faith litigation misconduct discussed in the 2001 Order and cited the aggressive and demeaning correspondence that Mr. Mason addressed to the Court since the issuance of the 2001 Order (Case No. 99-cv-14027-DLG, DE # 895). Then, in March 2002, the Court entered an Order directing Mr. Mason to show cause why he should not be held in criminal contempt of court (Case No. 99-cv-14027-DLG, DE # 900). Defendant was personally informed of the March 2002 Order concerning possible contempt proceedings during a status hearing (Case No. 99-cv-14027-DLG, DE # 905).

3

## C. Post-Conviction Proceedings

Since his conviction, Defendant has filed a litany of motions on this criminal docket which seek to have this Court vacate the 2001 Order that was issued in the underlying Civil Actions. In a sprawling document filed in July 2007, which was entitled "Motion to Vacate Conviction," Defendant sought, among other things, a vacatur of the 2001 Order.[3] He purported to be entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(4), which permits a Court to "relieve a party . . . from a final judgment, order, or proceeding" in the event that "the judgment is void" (DE # 106) (citing Fed. R. Civ. P. 60(b)(4)).

Based upon a thorough and well-reasoned Report and Recommendation (DE # 118) which was adopted by the District Judge assigned to this case (DE # 124), the Court rejected Defendant's Motion to Vacate Conviction in its entirety, including his request that the Court vacate the 2001 Order in the Civil Action. Despite Defendant's argument that "he was deprived of notice and a hearing where he could have a meaningful opportunity to confront the evidence against him because the September 20, 2001 Order was issued <u>sua sponte</u>," the Court concluded that the "collateral bar rule" – which precludes a defendant from disobeying a Court's Order and relying on the unconstitutionality of the Order as a defense to a criminal contempt charge – "forecloses th[is] defendant's argument that the September 20, 2001 Order violates due process or is otherwise unconstitutional" (DE # 118 at 11) (citing *In re Providence Journal Co.*, 820

---

[3] In the Motion to Vacate Conviction (DE # 106), Defendant also requested that the Court vacate his criminal contempt conviction and declare unconstitutional two orders that were issued in the Civil Actions prior to the 2001 Order, which granted a preliminary injunction prohibiting Mr. Mason from directly communicating with Highlands or its employees. (Case No. 99-cv-14027-DLG, DE ## 201 and 246)

F.2d 1342, 1346 (1st Cir. 1986)).[4]

Defendant asserted that he did not receive either the Report and Recommendation regarding his Motion to Vacate (DE # 118) or the Order adopting it (DE # 124), because they were improperly mailed to him while he was incarcerated at the Federal Detention Center in Miami. Therefore, Defendant contemporaneously filed a Notice explaining his predicament and requesting Leave to file untimely Objections to the Report and Recommendation (DE ## 132-33); as well as a Motion to Modify his prior Motion to Vacate Conviction that was denied in the Order adopting the Report and Recommendation (DE # 134). After ordering the Government to respond to Defendant's filings (DE ## 135-36),[5] and holding a hearing (DE # 138), the Court denied Defendant's Motion for Leave to File Objections as well his Motion to Modify (DE # 141).[6]

      D.    **The Instant Motion**

In direct contradiction to this Court's Report and Recommendation (DE # 118) and Orders (DE ## 124, 141) holding that Defendant is not entitled to a vacatur of the 2001 Order, Defendant's instant motion boldly pronounces that it is "crystal clear that" the

---

[4] In his untimely objections to the Report and Recommendation, which were filed after the Order adopting the Report and Recommendation had been entered, Defendant attempted to clarify that the collateral bar rule was not relevant to his motion because he did not attack the constitutionality of the 2001 Order as a defense in the criminal contempt proceedings, but rather he sought to vacate the Order on the dockets of the Civil Actions (DE # 133). This line of reasoning is the subject of Defendant's "Motion to Modify" (DE # 134) which was filed contemporaneously to his objections to the Report and Recommendation.

[5] The Government filed its responses pursuant to this Court's Orders (DE ## 137 and 139).

[6] Defendant filed a notice of appeal as to that Order (DE # 142), but failed to pay the filing fee. This Court denied his motion for leave to pursue his appeal *in forma pauperis* (DE # 149), and has not yet ruled on Defendant's recent motion to reconsider that Order denying his *in forma pauperis* petition (DE # 151).

5

2001 Order "is void and hence, has no legal effect" (DE # 146 at 1).  Based on his assertion, which is belied by the record, that the 2001 Order is "clearly void," Defendant concludes that "[i]t is not now, nor was it ever[,] equitable for [Defendant] to have . . . suffered the devastating consequences" of the 2001 Order (DE # 146 at 3), and that it should be vacated pursuant to Federal Rule of Civil Procedure 60(b)(5), which allows the Court to vacate an Order if "applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Therefore, Defendant requests "[t]hat this grant [*sic*] prospective relief pursuant to Rule 60(b)(5) by vacating" the 2001 Order "as of this filing."  (DE # 146 at 4).

In addition, Defendant asserts that the Court "should not be granting relief that the beneficiaries of its largess cannot defend," and therefore, the Court could not properly deny his request to vacate the 2001 Order without first requiring Highlands, the party with "a dog in this fight," to demonstrate for itself why his motion to vacate the 2001 Order was due to be denied (DE # 146 at 4).  Therefore, he requests "[t]hat this court issue a 'show cause' order asking Highlands . . . why the Rule 60(b)(4) motion should not be granted."  *Id.*

II.     DISCUSSION

The Court begins its analysis with Defendant's final point; namely, that it could not deny his motion to vacate the 2001 Order without requiring Highlands, the so-called party with "a dog in this fight," to show cause why the motion should be denied. Defendant does not offer any legal or factual support for this argument, and it is entirely lacking in merit.  The Government, which is a party to these proceedings, has countered Defendant's motions regarding the 2001 Order and consistently prevailed.  Highlands is not a party to the criminal contempt proceedings, and even if it were a party, the filing of a response to a motion is not mandatory.  Nor is a Court required to rule against a party

6

that chooses not to file a timely response.  *See* S.D. Fla. L.R. 7.1.C ("Failure to [serve an opposing memorandum of law within ten days of service of the motion] *may* be deemed sufficient cause for granting the motion by default.") (emphasis added).

Although it is not essential to the ultimate determination of this Order since Highlands has no obligation to defend an Order entered by the Court pursuant to its inherent authority, the undersigned feels constrained to note that Defendant is incorrect when he repeatedly suggests that the sole beneficiary of the 2001 Order was Highlands (DE # 146 at 2, 4).  To the contrary, it is well-established that injunctions intended to control abusive litigants like Defendant do not only protect the abusive party's direct litigation opponents, but also preserve the integrity of the Courts themselves, *see In re Roy Day Litig.*, 976 F. Supp. 1455, 1459 (M.D. Fla. 1995) (finding that a "screening requirement" was a "warrant[ed] remedial measure to prevent [a litigant's] further use of this Court as a means of harassing his perceived enemies"), and ensure that scarce judicial resources are allocated efficiently, benefitting all those who appear before the Court to seek relief.  *See Martin v. Dist. of Colombia Court of Appeals*, 506 U.S. 1, 2-4 (1992) (finding that a litigant's "pattern of abuse has had a . . . deleterious effect on this Court's 'fair allocation of judicial resources.'") (quoting *In re Sindram*, 498 U.S. 177, 180 (1991)).  Highlands' desire not to participate in Defendant's criminal contempt proceedings and squander its time, energy and resources continuing to litigate Defendant's baseless claims does not preclude the Court from denying Defendant's factually unsupportable and legally untenable requests to vacate Orders entered in the underlying Civil Actions.

The Court likewise finds no merit in Defendant's primary argument, in which he contends that Federal Rule of Civil Procedure 60(b)(5) permits the Court to vacate an

7

order that is "no longer equitable" and that the 2001 Order is inequitable since it violated due process and is therefore "void."  Defendant's argument here is merely a semantic reformulation of the argument that he already asserted in his Motion to Vacate Conviction – and that argument was squarely rejected by this Court.  It goes without saying that this Court's prior rulings that the 2001 Order is not void forecloses Defendant's ability to argue that because the 2001 Order is void, it would be inequitable to enforce it.  Therefore, because this Court held that the 2001 Order is not "void" as that term is used in Rule 60(b)(4), it follows that its continued application would not be "inequitable" as that term is used in Rule 60(b)(5).

As this Court has instructed Defendant before, the proper recourse for voicing his disagreement the rulings of this Court – for example, that the 2001 is not void – must be pursued in an orderly fashion through procedurally proper channels, such as an appeal to the Eleventh Circuit; and, such disagreements may not be pursued by distorting the record – for example, by stating that his motion *which had been denied by the Court* made it "crystal clear" that the 2001 Order "is void" – and then compulsively filing motions that attempt to cover the same old ground (DE ## 133-34, 146, 150-52).

### III.     CONCLUSION

Although the Court recognizes that a *pro se* litigant's pleadings are entitled to a liberal construction, the Court is not permitted "to serve as *de facto* counsel for a *pro se* litigant."  *Gibbs v. Republic Tobacco, L.P.,* 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2000). Whatever the proper procedure for reviewing the appropriateness of an Order entered in a civil case, it surely is not to file a post-conviction motion to vacate that Order on the docket of a separate criminal action.

Moreover, even assuming that this Court possessed the jurisdiction required to

vacate an Order entered in a separate case, which it does not, Defendant has already litigated all that remains to be litigated. Beginning with his Motion to Vacate and his reply thereto, Defendant asserted that the 2001 Order was entered with a lack of notice and without an opportunity for him to oppose it in violation of his due process rights (DE ## 106, 112). The Government opposed his arguments in its Response (DE # 107), and this Court ultimately held that these criminal contempt proceedings could not serve as an arena for Defendant's argument that the "2001 Order violates due process or is otherwise unconstitutional" (DE ## 118, 124). Unsatisfied, Defendant moved for leave to file untimely objections to the Report and Recommendation (DE # 132) and moved to modify the motion to vacate the 2001 Order which the Court has already denied (DE # 134). After requiring responses from the Government (DE ## 135-37, 139) the Court denied those motions as well (DE # 141). Even though the Court denied Defendant's motion to pursue his appeal of that Order *in forma pauperis*, his motions to reconsider the underlying order as well as his *in forma pauperis* petition are still pending before the Court (DE ## 151-52).

      The Court need not provide Defendant a second, third or fourth bite at the apple by honoring his razor-thin distinction between his pending motions seeking to vacate the 2001 Order on the grounds that it is void and the instant motion seeking to vacate the 2001 Order on the grounds that the enforcement of a void order would be inequitable. To the extent that any daylight exists between the relief sought in the two motions, it is illusory, because they both address the same core concern that the 2001 Order was entered without adequate notice and a hearing and therefore violates his due process rights.

      Finally, even if the Court were not precluded from addressing the merits of the

instant motion, it suffers from the same procedural infirmity that doomed his prior motions; namely, that the Court presiding over his criminal contempt proceedings cannot grant the relief Defendant seeks involving matters that pertain to the underlying civil proceedings.  Defendant's unorthodox proposition that the Court possesses the authority in these proceedings to vacate an Order entered in a different civil action rings especially hollow in the context of the case at bar, where the District Court and the Eleventh Circuit have repeatedly upheld the validity of the 2001 Order which Defendant seeks to vacate.  It is, accordingly,

**RECOMMENDED** that Defendant's Motion for Order to Show Cause and Rule 60(b)(5) Motion (DE # 146) be **DENIED**.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on July 25, 2008.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
The Honorable K. Michael Moore, United States District Judge
All counsel and *pro se* parties of record